UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN JAROMIN, </br></br> Plaintiff, </br></br> v. </br></br> IN TOWN OF YORKTOWN, </br> MARSHALL TODD ST. JOHN, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) No. 1:22-cv-00320-JMS-MJD </br> ) </br> ) </br> ) </br> ) </br> ) |

## CASE MANAGEMENT PLAN

**I.   Parties and Representatives**

    A.   Plaintiff:    Ryan Jaromin

          Defendants:    Town of Yorktown
                           Marshal Todd St. John

    B.   Plaintiff's Counsel:    Benjamin Ellis
                                   HKM Employment Attorneys LLP
                                   320 N. Meridian St., Ste. 615
                                   Indianapolis, IN 46204
                                   P/F   | (317) 824-9747
                                   Email | bellis@hkm.com

          Yorktown's Counsel:    Matthew Hinkle
                                   Alex Emerson
                                   Church, Church, Hittle + Antrim
                                   Phone | (317) 844-4693
                                   Fax   | (317) 573-5385
                                   Email | mhinkle@chwlaw.com
                                                  aemerson@chwlaw.com

          Todd St. John's Counsel:    James S. Stephenson
                                   Rosemary L. Borek (#20026-41)
                                   Stephenson Morow & Semler
                                   3077 East 98th Street, Suite 240
                                   Indianapolis, Indiana 46280
                                   Telephone:    317-844-3830
                                   Facsimile: 317-573-4194
                                   E-Mail: jstephenson@stephlaw.com
                                                  rborek@stephlaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II.   **Jurisdiction and Statement of Claims**

   A.   Under 28 U.S.C. § 1331, the Court has subject matter jurisdiction over Ofc. Jaromin's claims brought pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act, the Rehabilitation Act, and the Family and Medical Leave Act. The Court has supplemental jurisdiction, under 28 U.S.C. § 1367(a) over Mr. Jaromin's claims for defamation, abuse of process, and intentional infliction of emotional distress.

   B.   Mr. Jaromin has sued Yorktown and Marshall St. John for disability discrimination, hostile work environment, and retaliation arising out of Marshal St. John's misconduct. (Counts 1-8.) This includes harassing Ofc. Jaromin for his PTSD, various forms of retaliation (including a perjury investigation into Ofc. Jaromin's *Charge of Discrimination* with the EEOC) and promoting a less-qualified officer to Sergeant. Because this misconduct also included involuntarily extending Mr. Jaromin's medical leave and retaliation for taking medical leave, Ofc. Jaromin has also sued for FMLA interference and retaliation. (Counts 9-10.) Marshal St. John's perjury investigation also constitutes defamation and abuse of process under Indiana law, and his whole course of misconduct constitutes an intentional infliction of emotional distress. (Counts 11-13.)

   C.   The Town of Yorktown denies Plaintiff's allegations and further states that Plaintiff did not bring his alleged concerns to the attention of the Town manager or Council, or otherwise submit an employee grievance. The Town did not know that Plaintiff suffered from an alleged disability and, in fact, Plaintiff was deemed fit for duty on or about November 30, 2012, and the Town had no reason to believe he was not fit for duty thereafter including any relevant times set forth in his lawsuit. Plaintiff was afforded leave under FMLA when sought. At no time as the Town taken a material adverse job action against him

   D.   St. John denies the allegations in the amended complaint against him and incorporates his answers and affirmative defenses to the amended complaint herein. When plaintiff, a police officer, reported that he suffered from post traumatic stress disorder due to a police action shooting years earlier, he was placed on administrative leave pending a fitness for duty examination. He was reinstated to active duty upon being cleared by Public Safety Medical. All shift changes and other conditions implemented by St. John were related to department needs and were not done to discriminate or retaliate against plaintiff. Plaintiff could not have been promoted to sergeant because he did not apply for the promotion. St. John is entitled to qualified immunity. He cannot be individually liable for alleged violations of the ADA or Rehabilitation Act. He did not interfere with plaintiff's FMLA rights or retaliate against him for exercising those rights. St. John cannot be individually liable in tort for acts within the scope of his employment as town marshal. Ind. Code § 34-13-3-5. Any defamatory statement is protected by qualified privilege. St. John did not initiate process against plaintiff nor engage in extreme or outrageous conduct to support a claim for intentional infliction of emotional distress.

### III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **May 24, 2022**.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **May 31, 2022**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **June 7, 2022**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **July 8, 2022**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **May 31, 2022**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto **within 21 days after receipt of the proposal**. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Dinsmore at MJDinsmore@insd.uscourts.gov.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C) on or before **February 1, 2023**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C) on or before **March 17, 2023**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **June 1, 2023**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **March 17, 2023**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>. Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in .pdf format. If a party determines in good faith that it is unable to adequately review any ESI produced in other than its native format, it may request the production of the ESI in its native format, in which event the information will then be produced in its native format.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

IV. **Discovery[1] and Dispositive Motions**

    A.    Plaintiff: Ofc. Jaromin does not anticipate filing a dispositive motion at this time but may file such a motion as to one or more of Defendants' affirmative defenses. Defendant Town of Yorktown plans to file for summary judgment that may include one or more of the following dispositive issues: (1) Plaintiff is not disabled; (2) if disabled, Plaintiff did not request nor was he denied an accommodation; (3) there was no adverse job action taken against Plaintiff because he was allegedly in a protected class or because he spoke out on behalf of anyone in a protected class; (4) there is no genuine issue of material fact concerning retaliation; (5) Plaintiff did not grieve or avail himself of corrective action opportunities.

        Defendant Marshal Todd. St. John: St. John intends to seek summary judgment on the grounds identified by the Town of Yorktown. He also intends to assert the following grounds for summary judgment: 1) qualified immunity with request to the equal protection claim; 2) no individual liability under the ADA or Rehabilitation Act; 3) no evidence of interference or retaliation by St. John under the FMLA; 4) immunity under the Indiana Tort Claims Act for acts within the scope of his employment as town marshal; 5) any defamatory statement is protected by qualified privilege; 6) plaintiff was not subject to process; and 7) no evidence to support intentional infliction of emotional distress claim.

    B.    On or before **December 16, 2022**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses. A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.

    C.    Non-expert witness discovery and discovery relating to liability issues shall be completed by **December 9, 2022**; all remaining discovery shall be completed by no later than **May 17, 2023**.

    D.    Defendants shall file any dispositive motions on or before **January 6, 2023**; Plaintiff shall respond to Defendant's dispositive motions, and shall include any cross-dispositive motion, on or before **February 3, 2023**; Defendants shall respond to Plaintiff's cross-dispositive motion, and shall include any reply in support of Defendant's dispositive motion, on or before **March 3, 2023**; Plaintiff shall file any reply in support of its cross-dispositive motion on or before **March 17, 2023**. If

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

Plaintiff does not file a cross-dispositive motion, Defendants shall file any reply in support of Defendant's dispositive motion, on or before **February 20, 2023**

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

V.  **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in January, 2023.

VI.  **Trial Date**

The parties request a trial date in **October, 2023**. The trial is by **jury** and is anticipated to take **5 days**.

VII.  **Referral to Magistrate Judge**

   A.   **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

   B.   **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII.  **Required Pre-Trial Preparation**

   A.   **THREE WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

      1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

      2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of

      exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B. TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.  Other Matters**

1. The parties consent to service by email.

Respectfully submitted,

*/s/ Benjamin C. Ellis*
Benjamin C. Ellis
HKM Employment Attorneys LLP
320 N. Meridian St., Ste. 615
Indianapolis, IN 46204
P/F    |    (317) 824-9747
Email  |    bellis@hkm.com

*Counsel for Plaintiff Ryan Jaromin*

*/s/ Matthew Hinkle* (w/ permission)
Matthew Hinkle
Alex Emerson
Church, Church, Hittle + Antrim
Phone | (317) 844-4693
Fax    | (317) 573-5385
Email | mhinkle@chwlaw.com
           aemerson@chwlaw.com

*Counsel for Defendant Town of Yorktown*


/s/*Rosemary L. Borek* (with permission)
Rosemary L. Borek   (#20026-41)
James S. Stephenson (#11434-98)
Stephenson Morow & Semler
3077 East 98th Street, Suite 240
Indianapolis, Indiana 46280
Telephone:    317-844-3830
Facsimile:    317-573-4194
E-Mail:       jstephenson@stephlaw.com
              rborek@stephlaw.com

*Attorneys for Defendant Marshal Todd St. John*

*************************************************************************

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT ____.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT ____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM ____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **January 6, 2023**. Non-expert witness discovery and discovery relating to liability issues shall be completed by **December 9, 2022**. |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED AS AMENDED.**

Dated:  19 MAY 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.